JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur in the result in this case and agree with much of the majority opinion’s analysis. I write separately to express my view that we should avoid extensive discussion of the degree of scrutiny to be applied and the ultimate application of strict scrutiny. While I have substantial doubts as to whether strict scrutiny applies in this particular context—especially considering the general trend of our sister circuits[1]—it is unnecessary to reach the issue. For one thing, both parties agree that intermediate scrutiny is the appropriate standard. For another, Tyler has a viable Second Amendment claim under either degree of scrutiny; thus, it seems most appropriate to assume, without deciding, that intermediate scrutiny applies here.
*345 Under intermediate scrutiny, the government must demonstrate that there is a “ ‘reasonable fit’ between the challenged regulation and a ‘substantial’ government objective.” United States v. Chester, 628 F.3d 673, 683 (4th Cir.2010) (quoting Bd. of Trs. of State Univ. of New York v. Fox, 492 U.S. 469, 480, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989)). This fit must employ means “narrowly tailored to achieve the desired objective.” Heller v. District of Columbia, 670 F.3d 1244, 1258 (D.C.Cir.2011) (quoting Fox, 492 U.S at 480, 109 S.Ct. 3028). Thus, in this as-applied challenge to § 922(g)(4), the government must show a reasonable fit between its important objectives of public safety and suicide prevention and its ban on the possession of firearms by persons long ago adjudicated to be mentally unstable. Based upon the record as it stands, the government has failed to do so.
There is no indication in this record of the continued risk presented by people who were involuntarily committed twenty-eight years ago and who have no history of mental illness, criminal activity, or substance abuse. Indeed, Congress seems to have focused on the risk presented by those who are mentally ill, rather than the continued risk of those who were long ago found to be mentally ill. Moreover, as the majority opinion notes, Congress explicitly recognized that there were instances in which the ban of § 922(g) should not continue to apply through creation of the now unfunded relief-from-disabilities mechanism.
The record is therefore inadequate for this court to confidently hold that § 922(g)(4) mental-commitment prohibition’s application is narrowly tailored to the government’s interests in public safety and suicide prevention. Accordingly, the majority opinion’s ultimate conclusion—to reverse and remand to the district court— is correct.

. The majority concedes that most of the other circuits have applied intermediate scrutiny in Second Amendment challenges. (Op. 23, 26.)